IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARMELO VELAZQUEZ COLON; CARMELO COLON RIVERA; ORLANDO COLON VELAZQUEZ; ORLANDO RAMOS FELIX; JOSEFA FELIX; JOSE ANTONIO FELIX; ELISEO RAMOS FELIX; HECTOR JULIO MERCED GOMEZ; JUAN MARCOS MERCED GOMEZ; HECTOR MERCED RODRIGUEZ; MARIA E. GOMEZ VELAZQUEZ; LEOPOLDO SANABRIA MORALES; MARIBEL ORTIZ VAZQUEZ on behalf of minor J.M.S.O.; ANA LUISA DIAZ RIVERA; YOLANDA ORTIZ DIAZ; EVELYN ORTIZ DIAZ; LUIS DANIEL ORTIZ DIAZ; DIGNO ORTIZ DIAZ; FRANCIS I. LOPEZ DIAZ** | CIVIL NO:        (   ) |
| **Plaintiffs,** | FOR DECLARATORY JUDGMENT, DAMAGES, WRONGFUL DEATH, (FEDERAL TORT CLAIM ACT), VIOLATION OF CONSTITUTIONAL CIVIL RIGHTS 42 USC §§ 1981,1983, 1985, 1986 / WITH PENDENT STATE CLAIMS; PERSONAL INJURY AND DAMAGES |
| **vs.** | **JURY TRIAL REQUESTED** |
| **HONORABLE JOSE FUENTES AGOSTINI; PEDRO TOLEDO DAVILA; ANIBAL SULLIVAN; HECTOR TIRADO; DANIEL COLON; FRANCISCO BAEZ QUIÑONES; JESÚS FIGUEROA DE JESUS; CANDELARIA; DISTRICT ATTORNEYS ULPIANO CRESPO; GABRIEL REDONDO; JOSE FIGUEROA; JOSE CAPO; Unknown District Attorneys, Police and Penal Officers who participated; ZOE DIAZ COLON; and their CONJUGAL PARTNERSHIPS formed by each with their respective spouses.** | |
| **Defendants.** | |

# *C O M P L A I N T*

TO THE HONORABLE COURT:

NOW COME plaintiffs through the undersigned attorney and very respectfully state,

Suites 601 & 602-A
Banco Cooperativo Plaza
623 Ponce de León Avenue
San  Juan,  Puerto  Rico  00917
OPMLAW@YAHOO.COM

CIVIL RIGHTS CLAIM

allege and pray as follows:

## 1. NATURE OF ACTION/PRELIMINARY STATEMENT

**1.**   This is a civil action for the violation of civil rights of Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz, Jesus Manuel Ortiz Diaz all United States citizens, resident of Guayama, Puerto Rico, and for the wrongful death of Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz.

2.   All plaintiffs ask for compensatory damages, against defendants prosecutors of the Puerto Rico Justice Department, the police officers of the Puerto Rico Police Department and a paid informant, who under color of law, fabricated and conspired aiding and abetting one another, to deprive Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz, and Jesus Manuel Ortiz Diaz of their constitutional rights and privileges scheming a vitiated legal process.

3.   It is alleged that Defendants, officers, agents and employees, in their official and individual capacities were involved in intentional conduct, in reckless and/or conscious disregard, with deliberate indifference for the civil rights and liberty interests of Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz, Jesus Manuel Ortiz Diaz, which resulted in the deprivation of plaintiffs civil and constitutional rights and caused said plaintiffs to suffer physical, mental and emotional distress and wrongful death to  Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz.

4.   Following an illegal scheme, in order to secure convictions and create the false appearance that the unsolved murders occurring in the Guayama District were solved, the Justice Department Prosecutors and the Police Officers, fabricated evidence and induced and threatened a paid informant to provide false testimony, leading to criminal charges, malicious prosecution and the conviction of  Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo

Suites 601 & 602-A                                    CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

Sanabria Diaz, and Jesus Manuel Ortiz Diaz, for murder, conspiracy and weapons law, being sentenced to serve 110 years in jail.

5.   While serving time in jail,  Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz, in their utter desperation, evidenced by their medical records committed suicide, when left unattended by the Penal Officers, contrary to medical warnings of said foreseeable conduct.

6.   Local tort law is invoked against defendants for malicious prosecution, invasion of privacy, intentional infliction of emotional distress, false arrest and imprisonment, defamation, libel and other tortious conduct charged.

7.   The actions of each of the officers and agents, and those presently unidentified defendants, in witnessing and condoning or failing to prevent the conduct and application of unlawful policies of their fellow officers and employees, deprived Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz, and Jesus Manuel Ortiz Diaz, of their Fourth, Eighth and Fourteenth Amendment right to be free from summary punishment, cruel and unusual punishment (without due process of law), deprived them of the right to necessary and reasonable medical treatment, subjected them to false and unlawful arrest, false and unlawful imprisonment, deprived Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz of life and deprived the named family members of society, companionship and support. Each of the Defendants had a duty to prevent the unlawful acts complained of herein and they were ostensibly acting within the scope of office or employment.

## 2. JURISDICTION AND VENUE

8.   The jurisdiction of this Court is invoked pursuant to the provisions of 28 USC §§ 1331and 1343. This action arises under the Fourth, Eighth and Fourteenth (due process) Amendments to the U.S. Constitution; pursuant to 42 USC §§ 1983 and 1988, the Civil Rights Act of 1870 (42 USC § 1981) discrimination based on race or

Suites 601 & 602-A                                                    CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

alienage, the Civil Rights Act of 1871 (42 USC §§1985, 1986) (and pendent jurisdiction is asserted over Plaintiff's state law claim under 28 USC § 1367; false arrest, false imprisonment and wrongful death, to which Plaintiff asserts § 1346(b) as provided by 28 USC § 2680(h). All of the acts and practices alleged herein, resulting in the conviction and imprisonment of Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz, and Jesus Manuel Ortiz Diaz, and the deaths of the last two, that occurred one in the Guayama District jail, and the other at Ponce jail, Puerto Rico, all of which are within the jurisdiction of the United States District Court, District of Puerto Rico.

9.   This Honorable Court should invoke its supplemental jurisdiction to hear and adjudicate the claims arising under the Constitution of the Commonwealth of Puerto Rico (Article II, § 7, 8 and 10) and its local laws (Articles 1802 and 1803 of the PR Civil Code, 32 LPRA § 5141 and 5142), so intimately related that they all form part of the same case or controversy, under Article III of the US Constitution.

10.   Jury Trial is requested by Plaintiffs.

### 3. STATUTE OF LIMITATIONS / CIVIL ACTIONS AGAINST INDIVIDUAL EMPLOYEES

11.   Plaintiffs file this suit to protect the statute of limitations on any cause of action not limited to the provisions of the local Torts laws. Plaintiffs assert that although common law torts committed within the scope of employment may result in substitution of the Local Government as a sole party, principles of employee immunity do not preclude civil actions against the employees for violations of Plaintiffs' constitutional rights or violation of a federal statute that authorizes suit against an individual. 28 USC § 2679(b)(2). Plaintiffs assert Bivens claims against individual defendants in their individual/personal capacity.

### 4.  PARTIES

12.   Plaintiffs, CARMELO VELAZQUEZ COLON ("VELAZQUEZ"), CARMELO COLON

Suites 601 & 602-A                                          CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

RIVERA; ORLANDO COLON VELAZQUEZ; ORLANDO RAMOS FELIX ("RAMOS"); JOSE ANTONIO FELIX; ELISEO RAMOS FELIX; HECTOR JULIO MERCED GOMEZ ("MERCED"); JUAN MARCOS MERCED GOMEZ; HECTOR MERCED RODRIGUEZ; MARIA E. GOMEZ VELAZQUEZ; LEOPOLDO SANABRIA MORALES, MARIBEL ORTIZ VAZQUEZ are of legal age, citizens of the United States of America and residents of the Commonwealth of Puerto Rico.

13.  MARIBEL ORTIZ VAZQUEZ appears on behalf her minor son J.M.S.O., as legal heir to the Estate of her common law husband Deceased Leopoldo Sanabria Diaz, who died in jail.

14.  ANA LUISA DIAZ RIVERA, mother of Jesus Manuel Ortiz Diaz, and  YOLANDA ORTIZ DIAZ; EVELYN ORTIZ DIAZ; LUIS DANIEL ORTIZ DIAZ; DIGNO ORTIZ DIAZ; FRANCIS I. LOPEZ DIAZ, are brothers and sisters of Jesus Manuel Ortiz Diaz, are of legal age, citizens of the United States of America and residents of the States of Connecticut and Massachusetts.

15.  JOSEFA FELIX is the mother of Orlando Ramos Felix,  of legal age, citizen of the United States of America and residents of the state of California.

16.  JOSE ANTONIO FELIX  and  ELISEO RAMOS FELIX, are the brothers  of Orlando Ramos Felix.

17.  CARMELO COLON RIVERA is the father of Carmelo Velazquez Colon; ORLANDO COLON VELAZQUEZ is his brother.

18.  JUAN MARCOS MERCED GOMEZ; HECTOR MERCED RODRIGUEZ; MARIA E. GOMEZ VELAZQUEZ, are respectively brother, father and mother of Hector Julio Merced Gomez.

19.  LEOPOLDO SANABRIA MORALES, is the father of Leopoldo Sanabria Diaz who died in jail after 5 years of incarceration, when he became aware that the Appellate Court denied the new trial appeal.

20.  The Defendants are: HONORABLE JOSE FUENTES AGOSTINI ("FUENTES");

Suites 601 & 602-A                                            CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

PEDRO TOLEDO DAVILA ("TOLEDO") ; ANIBAL SULLIVAN; HECTOR TIRADO; DANIEL COLON; FRANCISCO BAEZ QUIÑONES; JESUS FIGUEROA DE JESUS; CANDELARIA; DISTRICT ATTORNEYS ULPIANO CRESPO; GABRIEL REDONDO; JOSE FIGUEROA;  JOSE CAPO; Unknown District Attorneys, Police and Penal Officers who participated; ZOE DIAZ COLON; and their CONJUGAL PARTNERSHIPS formed by each with their respective spouses.

21. At all times material herein, FUENTES was the Justice Department Secretary, whose policies and practices were enforced, acting as such under color of local law. He is sued in his individual capacity.

22. At all times material herein, TOLEDO, was the Police Superintendent, whose policies and practices were enforced, acting as such under color of local law. He is sued in his individual capacity.

23. At all times material herein, SULLIVAN and TIRADO were Police Captains assigned to Guayama Criminal Investigations Corps (hereafter referred to as CIC), whose policies and practices were enforced, acting as such under color of local law. They are sued in their individual capacity.

24. At all times material herein COLON was a Police Sergeant assigned to the Guayama CIC a whose policies and practices were enforced, acting as such under color of local law. He is sued in his individual capacity.

25. At all times material herein, BAEZ, FIGUEROA DE JESUS, CANDELARIA, and other at the present time unknown Police Officers, were the investigating agents assigned to the Guayama CIC, office, acting as such under color of local Law. They are sued in their individual capacities.

26. At all times material herein, at the present time Unknown Penal Officers, responsible for the custody and care of Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz, while at their jail, acting under color of law, negligently allowed their deaths, under their care. They are sued in their individual capacities.

Suites 601 & 602-A                                                  CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM
                                    Page 6 of 27

27.  At all times material herein, FUENTES, TOLEDO, SULLIVAN, TIRADO, COLON, and some presently unknown Police Officers, were responsible for the conduct, discipline, supervision and policies carried out by the lower ranking Police Officers, in particular the Guayama CIC members and their compliance with applicable laws and regulations. They were responsible for their subordinate district attorneys defendants' hiring, selection, training, supervision, discipline, suspension, termination and management of confidential informants, and compliance with applicable laws and regulations.

28.  At all times material herein, CRESPO, REDONDO, FIGUEROA, CAPO and presently unknown District Attorneys, were acting as such and are sued in their individual capacities.

29.  Since August 2, 1995, DIAZ-COLON, was a hired confidential informant under contract with the CIC. Said information was intentionally hidden and not disclosed to defense counsel, during all the criminal proceedings that she testified. The PR Supreme Court on the basis of this improper conduct, ordered a new trial.

30.  At all times material herein, DIAZ-COLON, was lacking read and writing skills, had lost custody of her two minor children, lacked a steady income source, and according to Psychiatric evaluations was diagnosed as  suffering from a slight level of mental retardation.

COMMON FACTS

31.  On or around the summer of 1998, in a futile effort to give the impression of solving various murders that had occurred in the Guayama District, with the acquiescence and/or lack of supervision of defendants, TOLEDO, SULLIVAN, TIRADO, AND FUENTES, codefendants, BAEZ, FIGUEROA, CANDELARIA, in active participation of prosecutors, CAPO, CRESPO, REDONDO, FIGUEROA, and confidential informant, DIAZ-COLON, with other unknown individuals, conspired with each other and/or aided and abetted one another, in a scheme to fabricate false charges and

Suites 601 & 602-A                                         CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

maliciously prosecute a group of innocent individuals, charging them for various murders that remained unsolved in the Guayama region.

32. In order to further their scheme, they trained Zoe Diaz Colon, on what and how to testify and provide sworn statements, was taken to the scene of all crimes, shown evidence and photos possessed by the district attorneys, thus securing the charging of capital crimes against the innocent individuals, and at trial using Zoe Diaz Colon as their only witness obtain convictions.

33. Upon information and belief, in order to proceed with the conspiracy, district Attorney CAPO, after discussing the matter with agent, FIGUEROA DE JESUS, gave the order to his subordinates prosecutors, to take Zoe Diaz Colon's statement under oath, to validate the filing of criminal charges against the innocent individuals.

34. This gave rise to Zoe Diaz Colon's multiple sworn statements to prosecutor FIGUEROA, in the presence of Baez-Quiñones, all following a similar pattern, that she was present and overheard that they were going to kill a person, that after committing the murder, she overheard them admitting that they had killed the person.

35. Thus as requested by defendant agents and district attorneys, Zoe Diaz Colon gave sworn statements containing similar facts sufficient to sustain findings of probable cause for murder against Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz, in connection with unrelated murders in the Guayama region.

36. These murders were of Julio Antonio Peña (herein after referred to as *"Peña"*), which occurred on November 5, 1995; Rafael Colomba Ortiz, (herein after referred to as *"Colomba"*), on August 3, 1995, and Edgard Mariani Cordero, (herein after referred to as *"Mariani"*), on November 19, 1994.

37. More than three years had passed with these open cases in Guayama, and pressure was mounting from the relatives of the deceased, from the Police and

Suites 601 & 602-A                                                    CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM
                              Page 8 of 27

Justice hierarchy who publicly had announce a "Mano Dura against Crime" (Strong Hand) policy.

38. Thus following this conspiracy, on June 11, 1998, accompanied by Baez-Quiñones, Zoe Diaz Colon goes before Prosecutor Figueroa, and gives two sworn statements, to solve the *Peña and Colomba* **cases.** Both statements following a similar pattern, (that she was present and overheard that they were going to kill a person, that after committing the murder, she overheard them admitting that they had killed the person).

39. As a result, in the *Colomba* case, Leopoldo Sanabria Diaz, Orlando Ramos Felix and Carmelo Velazquez Colon, are implicated and charged for the murder. See, *Pueblo v Carmelo Velazquez Colon,* 2008 TSPR 124, at page 15. In Zoe Diaz Colon's statement she makes reference to other potential witnesses, who were with her, none were interviewed by the investigating agents nor the district attorneys involved, were never offered as witnesses by the prosecution and were never found by the defense. In fact, her first report of these events, comes essentially three years after her alleged witnessing of the crime. See, *Pueblo v Carmelo Velazquez Colon,* 2008 TSPR 124, at page 10-11.

40. As a result, in the *Peña* case, Jesus Manuel Ortiz Diaz,  and Hector Julio Merced Gomez, are implicated and charged for the murder. They were wrongly charged with, *inter alia,* Conspiracy, First Degree Murder and Weapons Law Violations, in connection with the Peña case, before the Guayama Court.

41. Likewise, in the *Colomba* case, Leopoldo Sanabria Diaz, Orlando Ramos Felix and Carmelo Velazquez Colon, are implicated and charged for the murder. They were wrongly charged with, *inter alia,* Conspiracy, First Degree Murder and Weapons Law Violations, in connection with the *Colomba* case, before the Guayama Court.

42. These criminal defendants, during pretrial proceedings, repeatedly requested from the District Attorneys, all exculpatory evidence, contracts or agreements with Zoe

Suites 601 & 602-A
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

CIVIL RIGHTS CLAIM

Page 9 of 27

Diaz Colon, documentary evidence related to witnesses, Police reports and notes. See, *Pueblo v Carmelo Velazquez Colon,* 2008 TSPR 124, at page 2-6. The Prosecution denied the existence of the same.

43. Thus the **Colomba and Peña** cases, proceeded to separate trials with the sole fabricated testimony of Zoe Diaz Colon and a total absence of probable cause, against Carmelo Velazquez Colon, Orlando Ramos Felix and Leopoldo Sanabria Diaz in the **Colomba** and Hector Julio Merced Gomez and Jesus Manuel Ortiz Diaz in the **Peña** case.

44. On the start of the **Colomba** trial, for the first time, the Prosecution provides the defense, with police reports and notes, as recently found. These documents disclosed to the defense, the names of interviewed witnesses, whose statements contradicted Zoe Diaz Colon. See, *Pueblo v Carmelo Velazquez Colon,* 2008 TSPR 124, at page 3-8.

45. With the sole testimony of Zoe Diaz Colon, Hector Julio Merced Gomez and Jesus Manuel Ortiz Diaz were convicted in the **Peña** case, of  Conspiracy, First Degree Murder and Weapons Law Violations, and sentenced on July 16, 1999, to a term of imprisonment of 110 years.

46. Jesus Manuel Ortiz Diaz, under the duress and desperation of his situation, sixteen days after his conviction, while imprisoned committed suicide on August 2, 1999. Unknown Penal Officers, are responsible for his custody and care, while at their jail, acting under color of law, negligently allowed his death, under their care, when there were signs that his conduct warranted protective measures.

47. With the sole testimony of Zoe Diaz Colon, Carmelo Velazquez Colon, Orlando Ramos Felix and Leopoldo Sanabria Diaz were convicted in the **Colomba** case, of Conspiracy, First Degree Murder and Weapons Law Violations, and sentenced on September 24, 1999, to a term of imprisonment of 108 years.

48. Defendant Zoe Diaz Colon, received various payments for her testimony and sworn

Suites 601 & 602-A                                                  CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

statements provided in both **Colomba and Peña** cases. See, *Pueblo v Carmelo Velazquez Colon,* 2008 TSPR 124, at page 15. She felt remorse upon learning that Jesus Manuel Ortiz Diaz, committed suicide in jail, to such an extent that led her to a suicide attempt, and finally to provide a sworn statement, on May 5, 2001, wherein she recanted her testimonies in the **Colomba, Peña and Mariani** cases.

49.  Zoe Diaz Colon stated she never witnessed nor had any personal knowledge whatsoever with the deaths of **Peña, Colombo or Mariani**. That she falsely testified acting under pressure from the agents and prosecutors, who represented authorization from the higher ups at the Justice Department, to provide her with a house, cash for every one of the cases she participated, and recover the custody of her children. That she was provided all the details of each respective murder, shown photos, taken to the respective scenes and schooled as to the testimony needed to convict the innocent plaintiffs. More than 10 schooling sessions were practiced with the agents.

50.  Specifically Zoe Diaz Colon mentions prosecutors Crespo and Redondo, who offered her cash, a house, an asthma therapy machine and the recovery of the custody of her children.

51.  This May 5, 2001, Zoe Diaz Colon sworn statement provided the defense, for the first time, the information that she was a paid informer under contract with the CIC, since August 2, 1995 (the day before **Colomba's** murder) and that she was also paid for each statement provided. See, *Pueblo v Carmelo Velazquez Colon,* 2008 TSPR 124, at page 15.

52.  On the basis of newly acquired evidence, a new trial motion was filed in the Colombo case at the Guayama Court. It was denied and an appeal ensued.

53.  Upon learning that the Appellate Court denied his appeal, on May 18, 2003, Leopoldo Sanabria Diaz whose mental condition and record showed clear evidence of suicidal ideas, was negligently remove to a new ward in the Guayama Jail and

Suites 601 & 602-A                                          CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

1   left alone, without supervision, and he also, committed suicide by hanging himself
2   in his new cell.

54. On final appeal and reconsideration, the Puerto Rico Supreme Court ordered a new
trial, after finding that the prosecution impermissibly withheld critical impeachment
evidence from the defense, such as the undisclosed informer contract to Zoe Diaz
Colon; the never "lost and found" police report and notes containing names of
possible witnesses interviewed that gave contradictory evidence. See, *Pueblo v
Carmelo Velazquez Colon,* 2008 TSPR 124, at page 54-56.

55. Upon returning the case for a new trial hearing at the Guayama Court, the
prosecution asked for the dismissal of all charges, against Carmelo Velazquez
Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz
and Jesus Manuel Ortiz Diaz, the last two posthumously. Even though the hearing
took place on February 10, 2009, the actual release from jail and final notification
of these judgements is of October 1, 2009.

56. The nucleus of this conspiracy involves all defendants in different capacities. From
the agents, Baez-Quiñones, Figueroa De Jesus and Candelaria, to the Prosecutors,
Capo, Crespo, Redondo, Figueroa, to confidential Informant Zoe Diaz Colon, and
unknown other individuals, knowingly and willfully, under color of law, conspired with
each other and/or aided and abetted one another to subject, and did subject,
Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez,
Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz, to the deprivation of their
constitutional right, not to be deprived of liberty pursuant to legal process. In
furtherance of this conspiracy, the indicated above defendants, fabricated and
concocted false evidence that was necessary for a finding of probable cause
against Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced
Gomez, Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz. Further, the
prosecuting defendants knowingly withheld exculpatory evidence, which exonerated

Suites 601 & 602-A
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

CIVIL RIGHTS CLAIM

these criminal defendants from the charges they were facing in the ***Peña and Colomba*** cases. They maliciously prosecuted Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz, for capital crimes.

57. Toledo, Sullivan, Tirado, Colon and other commanding officers of the Police, displayed a reckless or callous indifference to the rights of those citizens, with whom Baez-Quiñones, Figueroa De Jesus, Candelaria and other police officers, would come into contact, including Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz. Those who order or instigate, even without actively participating in the detention act, are also responsible. *Luis Ayala Córdova v. San Juan Racing Corporation*, 112 DPR 804.

58. Fuentes and other supervisory prosecutor defendants, displayed a reckless or callous indifference to the rights of those citizens, whom Capo, Crespo, Redondo, Figueroa, prosecuted in the Guayama district, including Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz. Those who order or instigate, even without actively participating in the detention act, are also responsible. *Luis Ayala Córdova v. San Juan Racing Corporation*, 112 DPR 804.

59. The defendants' acts or omissions were the proximate cause of all the damages sustained by plaintiffs, stated hereinafter. Therefore, according to local law, defendants are jointly and solidarily responsible for all the damages, caused upon plaintiffs. *Ramos v. Caparra Dairy, Inc.,* 116 D.P.R. 60 (1985); *Soc. de Gananciales v. Soc. de Gananciales,* 109 D.P.R. 279 , 288 (1979); *Merle v. West Bend Co.,* 97 D.P.R. 403 , 405 (1969); *Serralta v. Martínez Rivera*, 97 D.P.R. 466 , 470 (1969); *Torres v. A.M.A.*, 91 D.P.R. 714 , 717 (1965); *Marcano Torres v. Fuentes Fluviales*, 91 D.P.R. 654 , 659 (1965); *Cortijo Walker v. Fuentes Fluviales*, 91 D.P.P-574, 581

Suites 601 & 602-A                                                    CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

(1964); *García v. Gobierno de la Capital*, 72 D.P.R. 138 (1951) and *Díaz Bonilla v. Tribunal Superior*, 98 D.P.R. 49 (1969).

## FIRST CAUSE OF ACTION

60. Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

61. This cause of action arises under the federal civil rights statutes.

62. The defendants performed illegal acts that operated to deprive Carmelo Velazquez Colon of one or more of his federal constitutional rights, by perverting the legal process to deprive him of his liberty interests.

63. As a direct result of the deprivation of his civil rights, Carmelo Velazquez Colon was incarcerated for close to 10 years, close to six (6) years of which were spent in Solitary Confinement, secluded for 23 hours a day; he suffered fear of losing his life in jail, of being a victim of attack by other violent prisoners; harm to his reputation and credit; hardship, humiliation and inconveniences suffered; loss of company of his family and dear ones, during imprisonment; has been branded as a convict for murder; is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained loss of happiness and capacity to enjoy life; and his capacity to perform activities common to a man of his age, and sex, have been impaired as a result.

64. The defendants engaged in the unlawful conduct in question with malice, recklessness or indifference to the federally protected rights of Carmelo Velazquez Colon. He is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful conduct.

**THEREFORE, Carmelo Velazquez Colon,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory and punitive damages; awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any

Suites 601 & 602-A                                              CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

further relief that under the circumstances this Honorable Court finds appropriate.

SECOND CAUSE OF ACTION

65.  Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

66.  This cause of action arises out of the Puerto Rico general tort statutes.

67.  The defendants, intentionally, recklessly and/or negligently, caused Carmelo Velazquez Colon to be subject of malicious prosecution, intentional infliction of emotional distress, invasion of his privacy, false arrest, false imprisonment, defamation, libel and other extreme outrageous conduct.

68.  As a direct result of the defendants fault or negligence, Carmelo Velazquez Colon was incarcerated for close to 10 years, close to six (6) years of which were spent in Solitary Confinement, secluded for 23 hours a day; he suffered fear of losing his life in jail, of being a victim of attack by other violent prisoners; harm to his reputation and credit; hardship, humiliation and inconveniences suffered; loss of company of his family and dear ones, during imprisonment; has been branded as a convict for murder; is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained  loss of happiness and capacity to enjoy life; and his capacity to perform activities common to a man of his age, and sex, have been impaired as a result.

69.  Carmelo Velazquez Colon suffered loss of income for 10 years, and as a result a diminished capacity of earning a living, being branded as an exconvict. These are estimated in no less than $300,000.00, which are claimed.

**THEREFORE, Carmelo Velazquez Colon,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory;  awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

Suites 601 & 602-A                                                      CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San  Juan,  Puerto  Rico  00917
OPMLAW@YAHOO.COM

THIRD CAUSE OF ACTION

70.   Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

71.   This cause of action arises out of the Puerto Rico general tort statutes.

72.   As a consequence of Carmelo Velazquez Colon, wrongful incarceration and his resultant emotional damages, his father, Carmelo Colon Rivera, and his brother, Orlando Velazquez Colon, lost the company and legal right to maintain a family relationship with Carmelo Velazquez Colon during the close to 10 years he was wrongfully incarcerated; they suffered, are suffering and will continue to suffer the loss of company, care, affection, moral support, pleasure and enjoyment of each others company, but for the actions of defendants, which have caused them to sustain permanent mental, moral, emotional pain, anguish and distress.

**THEREFORE,** his father, Carmelo Colon Rivera, and his brother, Orlando Velazquez Colon, demand that Judgement be entered in their favor and against defendants, awarding each of them the amount of **TWO MILLION DOLLARS ($2,000.000.00)** in compensatory damages,   awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

FOURTH CAUSE OF ACTION

73.   Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

74.   This cause of action arises under the federal civil rights statutes.

75.   The defendants performed illegal acts that operated to deprive Orlando Ramos Felix of one or more of his federal constitutional rights, by perverting the legal process to deprive him of his liberty interests.

76.   As a direct result of the deprivation of his civil rights, Orlando Ramos Felix was incarcerated for close to 10 years, close to six (6) years of which were spent in

Suites 601 & 602-A                                    CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

Solitary Confinement, secluded for 23 hours a day; he suffered fear of losing his life in jail, of being a victim of attack by other violent prisoners; harm to his reputation and credit; hardship, humiliation and inconveniences suffered; loss of company of his family and dear ones, during imprisonment; has been branded as a convict for murder; is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained loss of happiness and capacity to enjoy life; and his capacity to perform activities common to a man of his age, and sex, have been impaired as a result.

77.  The defendants engaged in the unlawful conduct in question with malice, recklessness or indifference to the federally protected rights of Orlando Ramos Felix. He is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful conduct.

**THEREFORE, Orlando Ramos Felix,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory and punitive damages; awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

## FIFTH CAUSE OF ACTION

78.  Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

79.  This cause of action arises out of the Puerto Rico general tort statutes.

80.  The defendants, intentionally, recklessly and/or negligently, caused Orlando Ramos Felix to be subject of malicious prosecution, intentional infliction of emotional distress, invasion of his privacy, false arrest, false imprisonment, defamation, libel and other extreme outrageous conduct.

81.  As a direct result of the defendants fault or negligence, Orlando Ramos Felix was incarcerated for close to 10 years, close to six (6) years of which were spent in

Suites 601 & 602-A
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

CIVIL RIGHTS CLAIM

Page 17 of 27

Solitary Confinement, secluded for 23 hours a day; he suffered fear of losing his life in jail, of being a victim of attack by other violent prisoners; harm to his reputation and credit; hardship, humiliation and inconveniences suffered; loss of company of his family and dear ones, during imprisonment; has been branded as a convict for murder; is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained loss of happiness and capacity to enjoy life; and his capacity to perform activities common to a man of his age, and sex, have been impaired as a result.

82.  Orlando Ramos Felix suffered loss of income for 10 years, and as a result a diminished capacity of earning a living, being branded as an exconvict. These are estimated in no less than $300,000.00, which are claimed.

**THEREFORE, Orlando Ramos Felix,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory; awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

SIXTH CAUSE OF ACTION

83.  Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

84.  This cause of action arises out of the Puerto Rico general tort statutes.

85.  As a consequence of Orlando Ramos Felix, wrongful incarceration and his resultant emotional damages, his mother, Josefa Felix, and his brothers, Jose Antonio and Eliseo Ramos Felix, lost the company and legal right to maintain a family relationship with Orlando Ramos Felix during the close to 10 years he was wrongfully incarcerated; they suffered, are suffering and will continue to suffer the loss of company, care, affection, moral support, pleasure and enjoyment of each others company, but for the actions of defendants, which have caused them to

Suites 601 & 602-A                                          CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

1   sustain permanent mental, moral, emotional pain, anguish and distress.

2   **THEREFORE,** his mother, Josefa Felix, and his brothers, Jose Antonio and Eliseo Ramos

3   Felix, demand that Judgement be entered in their favor and against defendants, awarding

4   each of them the amount of **TWO MILLION DOLLARS ($2,000.000.00)** in compensatory

5   damages,   awarding him reasonable attorney's fees, the costs of this action and post-

6   judgement interests; and granting any further relief that under the circumstances this

7   Honorable Court finds appropriate.

8                                 SEVENTH CAUSE OF ACTION

9   86.   Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and

10        INCORPORATE them as though fully set forth at this point.

11  87.   This cause of action arises under the federal civil rights statutes.

12  88.   The defendants performed illegal acts that operated to deprive Hector Julio Merced

13        Gomez of one or more of his federal constitutional rights, by perverting the legal

14        process to deprive him of his liberty interests.

15  89.   As a direct result of the deprivation of his civil rights, Hector Julio Merced Gomez

16        was incarcerated for close to 10 years, close to six (6) years of which were spent

17        in Solitary Confinement, secluded for 23 hours a day; he suffered fear of losing his

18        life in jail, of being a victim of attack by other violent prisoners; harm to his

19        reputation and credit; hardship, humiliation and inconveniences suffered; loss of

20        company of his family and dear ones, during imprisonment; has been branded as

21        a convict for murder; is suffering and will continue to suffer severe and permanent

22        mental, psychological, moral and emotional pain, anguish and distress; and, has

23        sustained  loss of happiness and capacity to enjoy life; and his capacity to perform

24        activities common to a man of his age, and sex, have been impaired as a result.

25  90.   The defendants engaged in the unlawful conduct in question with malice,

26        recklessness or indifference to the federally protected rights of Hector Julio Merced

27        Gomez. He is entitled to receive an award for punitive or exemplary damages, which

28  Suites 601 & 602-A                                        CIVIL RIGHTS CLAIM
    Banco Cooperativo Plaza
    623 Ponce de León Avenue
    San Juan,  Puerto Rico 00917
    OPMLAW@YAHOO.COM

1   will serve as punishment and deterrence for such unlawful conduct.

2   **THEREFORE, Hector Julio Merced Gomez,** demands that Judgement be entered in his

3   favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS**

4   **($10,000.000.00)** in compensatory and punitive damages; awarding him reasonable

5   attorney's fees, the costs of this action and post-judgement interests; and granting any

6   further relief that under the circumstances this Honorable Court finds appropriate.

EIGHT CAUSE OF ACTION

7

8   91.    Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and

9          INCORPORATE them as though fully set forth at this point.

10  92.    This cause of action arises out of the Puerto Rico general tort statutes.

11  93.    The defendants, intentionally, recklessly and/or negligently, caused Hector Julio

12         Merced Gomez to be subject of malicious prosecution, intentional infliction of

13         emotional distress, invasion of his privacy, false arrest, false imprisonment,

14         defamation, libel and other extreme outrageous conduct.

15  94.    As a direct result of the defendants fault or negligence, Hector Julio Merced Gomez

16         was incarcerated for close to 10 years, close to six (6) years of which were spent

17         in Solitary Confinement, secluded for 23 hours a day; he suffered fear of losing his

18         life in jail, of being a victim of attack by other violent prisoners; harm to his

19         reputation and credit; hardship, humiliation and inconveniences suffered; loss of

20         company of his family and dear ones, during imprisonment; has been branded as

21         a convict for murder; is suffering and will continue to suffer severe and permanent

22         mental, psychological, moral and emotional pain, anguish and distress; and, has

23         sustained  loss of happiness and capacity to enjoy life; and his capacity to perform

           activities common to a man of his age, and sex, have been impaired as a result.

24  95.    Hector Julio Merced Gomez suffered loss of income for 10 years, and as a result

25         a diminished capacity of earning a living, being branded as an exconvict. These are

26         estimated in no less than $300,000.00, which are claimed.

27

28  Suites 601 & 602-A                                    CIVIL RIGHTS CLAIM
    Banco Cooperativo Plaza
    623 Ponce de León Avenue
    San Juan, Puerto Rico 00917
    OPMLAW@YAHOO.COM

**THEREFORE, Hector Julio Merced Gomez,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory;  awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

NINTH CAUSE OF ACTION

96.   Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

97.   This cause of action arises out of the Puerto Rico general tort statutes.

98.   As a consequence of Hector Julio Merced Gomez, wrongful incarceration and his resultant emotional damages, his parents, Hector Merced Rodriguez and Maria E. Gomez Velazquez, and his brother, Juan Marcos Merced Gomez, lost the company and legal right to maintain a family relationship with Hector Julio Merced Gomez during the close to 10 years he was wrongfully incarcerated; they suffered, are suffering and will continue to suffer the loss of company, care, affection, moral support, pleasure and enjoyment of each others company, but for the actions of defendants, which have caused them to sustain permanent mental, moral, emotional pain, anguish and distress.

**THEREFORE,** his parents, Hector Merced Rodriguez and Maria E. Gomez Velazquez, and his brother, Juan Marcos Merced Gomez, demand that Judgement be entered in their favor and against defendants, awarding each of them the amount of **TWO MILLION DOLLARS ($2,000.000.00)** in compensatory damages,  awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

TENTH CAUSE OF ACTION

99.   Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

Suites 601 & 602-A                                     CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

100.    This cause of action arises under the federal civil rights statutes.

101.    The defendants performed illegal acts that operated to deprive Leopoldo Sanabria Diaz of one or more of his federal constitutional rights, by perverting the legal process to deprive him of his liberty interests.

102.    As a direct result of the deprivation of his civil rights, Leopoldo Sanabria Diaz was incarcerated for close to 7 years, close to six (6) years of which were spent in Solitary Confinement, secluded for 23 hours a day; he suffered fear of losing his life in jail, of being a victim of attack by other violent prisoners; harm to his reputation and credit; hardship, humiliation and inconveniences suffered; loss of company of his family and dear ones, during imprisonment; has been branded as a convict for murder; is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained loss of happiness and capacity to enjoy life; and his capacity to perform activities common to a man of his age, and sex, have been impaired as a result.

103.    The defendants engaged in the unlawful conduct in question with malice, recklessness or indifference to the federally protected rights of Leopoldo Sanabria Diaz. He is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful conduct.

**THEREFORE, THE ESTATE OF Leopoldo Sanabria Diaz,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory and punitive damages; awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

## ELEVENTH CAUSE OF ACTION

104.    Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

Suites 601 & 602-A                                              CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

105.   This cause of action arises out of the Puerto Rico general tort statutes.

106.   The defendants, intentionally, recklessly and/or negligently, caused Leopoldo Sanabria Diaz to be subject of malicious prosecution, intentional infliction of emotional distress, invasion of his privacy, false arrest, false imprisonment, defamation, libel and other extreme outrageous conduct.

107.   As a direct result of the defendants fault or negligence, Leopoldo Sanabria Diaz was incarcerated for close to 7 years, close to six (6) years of which were spent in Solitary Confinement, secluded for 23 hours a day; he suffered fear of losing his life in jail, of being a victim of attack by other violent prisoners; harm to his reputation and credit; hardship, humiliation and inconveniences suffered; loss of company of his family and dear ones, during imprisonment; has been branded as a convict for murder; has suffered severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained  loss of happiness and capacity to enjoy life; to such an extent as to take his own life in jail, in desperation after his appeal was initially denied.

**THEREFORE, the Estate of Leopoldo Sanabria Diaz,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory;   awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

TWELFTH CAUSE OF ACTION

108.   Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

109.   This cause of action arises out of the Puerto Rico general tort statutes.

110.   As a consequence of Leopoldo Sanabria Diaz, wrongful incarceration and his resultant emotional damages, his father, Leopoldo Sanabria Morales, and Maribel Ortiz Vazquez, on behalf of his minor son, J.M.S.O, lost the company and legal right

Suites 601 & 602-A                                          CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

to maintain a family relationship with Leopoldo Sanabria Diaz during the close to 7 years he was wrongfully incarcerated; they suffered, are suffering and will continue to suffer the loss of company, care, affection, moral support, pleasure and enjoyment of each others company, but for the actions of defendants, which have caused them to sustain permanent mental, moral, emotional pain, anguish and distress.

**THEREFORE,** his father, Leopoldo Sanabria Morales, and Maribel Ortiz Vazquez, on behalf of his minor son, J.M.S.O,, demand that Judgement be entered in their favor and against defendants, awarding each of them the amount of **TWO MILLION DOLLARS ($2,000.000.00)** in compensatory damages, awarding them reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

THIRTEENTH CAUSE OF ACTION

111.    Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

112.    This cause of action arises under the federal civil rights statutes.

113.    The defendants performed illegal acts that operated to deprive Jesus Manuel Ortiz Diaz of one or more of his federal constitutional rights, by perverting the legal process to deprive him of his liberty interests.

114.    As a direct result of the deprivation of his civil rights, Jesus Manuel Ortiz Diaz was incarcerated; he suffered fear of losing his life in jail, of being a victim of attack by other violent prisoners; harm to his reputation and credit; hardship, humiliation and inconveniences suffered; loss of company of his family and dear ones, during imprisonment; has been branded as a convict for murder; is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained  loss of happiness and capacity to enjoy life; and his capacity to perform activities common to a man of his

Suites 601 & 602-A
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM                          CIVIL RIGHTS CLAIM

Page 24 of 27

age, and sex, have been impaired as a result.

115.  The defendants engaged in the unlawful conduct in question with malice, recklessness or indifference to the federally protected rights of Jesus Manuel Ortiz Diaz. He is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful conduct.

**THEREFORE, THE ESTATE OF Jesus Manuel Ortiz Diaz,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory and punitive damages; awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

## FOURTEENTH CAUSE OF ACTION

116.  Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

117.  This cause of action arises out of the Puerto Rico general tort statutes.

118.  The defendants, intentionally, recklessly and/or negligently, caused Jesus Manuel Ortiz Diaz to be subject of malicious prosecution, intentional infliction of emotional distress, invasion of his privacy, false arrest, false imprisonment, defamation, libel and other extreme outrageous conduct.

119.  As a direct result of the defendants fault or negligence, Jesus Manuel Ortiz Diaz was incarcerated he suffered fear of losing his life in jail, of being a victim of attack by other violent prisoners; harm to his reputation and credit; hardship, humiliation and inconveniences suffered; loss of company of his family and dear ones, during imprisonment; has been branded as a convict for murder; has suffered severe and permanent mental, psychological, moral and emotional pain, anguish and distress; and, has sustained loss of happiness and capacity to enjoy life; to such an extent as to take his own life in jail, in desperation.

Suites 601 & 602-A                                    CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM
                          Page 25 of 27

**THEREFORE, the Estate of Jesus Manuel Ortiz Diaz,** demands that Judgement be entered in his favor and against the defendants, awarding him the amount of **TEN MILLION DOLLARS ($10,000.000.00)** in compensatory;  awarding him reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

FIFTEENTH CAUSE OF ACTION

120.  Plaintiffs repeat, replead, and reallege Paragraphs 1 through 59, inclusive, and INCORPORATE them as though fully set forth at this point.

121.  This cause of action arises out of the Puerto Rico general tort statutes.

122.  As a consequence of Jesus Manuel Ortiz Diaz, wrongful incarceration and his resultant emotional damages, his mother, Ana L. Diaz Rivera, and his brothers and sisters, Francis I. Lopez Diaz, Digno Ortiz Diaz, Luis Daniel Ortiz Diaz, Yolanda Ortiz Diaz, and Evelyn Ortiz Diaz,, lost the company and legal right to maintain a family relationship with Jesus Manuel Ortiz Diaz during the time he was wrongfully incarcerated; they suffered, are suffering and will continue to suffer the loss of company, care, affection, moral support, pleasure and enjoyment of each others company, but for the actions of defendants, which have caused them to sustain permanent mental, moral, emotional pain, anguish and distress.

**THEREFORE,** his mother, Ana L. Diaz Rivera, and his brothers and sisters, Francis I. Lopez Diaz, Digno Ortiz Diaz, Luis Daniel Ortiz Diaz, Yolanda Ortiz Diaz, and Evelyn Ortiz Diaz,,, demand that Judgement be entered in their favor and against defendants, awarding each of them the amount of **TWO MILLION DOLLARS ($2,000.000.00)** in compensatory damages, awarding them reasonable attorney's fees, the costs of this action and post-judgement interests; and granting any further relief that under the circumstances this Honorable Court finds appropriate.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against

Suites 601 & 602-A                                              CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM

defendants :

1.      for all the amounts requested in the complaint;

2.      Imposing on defendants the payment of all costs, expenses incurred and legal interest;

3.      Award plaintiff a reasonable amount for attorney's fees;

4.      Ordering the Justice, Corrections and Police Departments to expunge and deliver to plaintiffs all records maintained in all files or database with regard to crimes wrongfully imputed to Carmelo Velazquez Colon, Orlando Ramos Felix, Hector Julio Merced Gomez, Leopoldo Sanabria Diaz and Jesus Manuel Ortiz Diaz.

5.      providing any further relief this Honorable Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this February 5, 2010.

**S/OSVALDO PEREZ MARRERO**
USDC-PR 119013
Banco Cooperativo Plaza
Suite 601 & 602-A
623 Ponce de León Avenue
Hato Rey, Puerto Rico 00917
Tel. 753-1313
Fax. 753-1317
E-mail: OPMLAW@YAHOO.COM

Suites 601 & 602-A                                         CIVIL RIGHTS CLAIM
Banco Cooperativo Plaza
623 Ponce de León Avenue
San Juan, Puerto Rico 00917
OPMLAW@YAHOO.COM