IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ LUIS DIAZ COLÓN, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>PEDRO TOLEDO DÁVILA, et al.,<br><br>    Defendants. | CIVIL NO.: 09-1835 (FAB) |

| | |
|---|---|
| CARMELO VELÁZQUEZ COLÓN, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>JOSÉ FUENTES AGOSTINI, et al.,<br><br>    Defendants. | CIVIL NO.: 10-1097 (SEC) |

**REPORT AND RECOMMENDATION**

Pending before the court is a motion for entry of default against defendants Pedro Toledo, José Capó, Héctor Tirado, Gabriel Redondo, Daniel Colón, and José Figueroa, and a second motion for entry of default as to all defendants in the complaint filed in the case originally docketed as 10-1097 (SEC).  (Docket Nos. 85 and 100).  For the reasons stated below, the first motion for entry of default (Docket No. 85) should be GRANTED IN PART AND DENIED IN PART, while the second motion for entry default (Docket No. 100) should be DENIED IN PART and be deemed MOOT in

1

part.[1]

Defendants Pedro Toledo, José Capó, Héctor Tirado, Gabriel Redondo, and José Figueroa have filed an answer to the complaint that addresses explicitly only two of the fifteen causes of action contained in the complaint originally filed under case under 10-1097 (SEC). (See Docket No. 1 of 10-1097 (SEC) and Docket No. 101 of consolidated cases). Although a partial answer that implicitly admits any factual allegations not explicitly addressed, it is recommended that these five defendants not be deemed in default as to the case that originated with docket number 10-1097 (SEC), and thus, that the first motion for entry of default (Docket No. 85) be DENIED as to said defendants regarding said case.

Defendant Daniel Colón, however, has failed to answer the complaint originally filed under case 10-1097 (SEC).[2] Taking into account the fact that he was served with summons on October 27, 2010 (see Docket No. 69-2 at p.9-10), it is recommended that default be entered as to said co-defendant regarding the complaint originally filed with docket number 10-1097 (SEC), and thus, that the first motion for entry of default (Docket No. 85) be GRANTED as to him regarding the complaint filed in case 10-1097 (SEC).

---

[1] The undersigned is issuing a report and recommendation, rather than an opinion and order, regarding these dispositive motions because there is a lack of unanimous consent. Co-defendant Zoé Díaz from case 10-1097 (SEC) is yet to appear before the court. (See Docket Nos. 86, 94, 102). Furthermore, said co-defendant, as well as co-defendants Héctor Tirado, José Figueroa and Estate of Culpiano Crespo are in default in case 09-1835 (FAB). (See Docket Nos. 37, 40, 42, 43, 44). "While consent to a magistrate judge's designation can be inferred from a party's conduct during litigation, there can be no inference of conduct when a party that has been served, has not appeared and is in default." United States Fidelity and Guaranty Co. v. PR Enterprises, Inc., 2005 WL 2244283, *2 (D.P.R. 2005) (approving and adopting report and recommendation) (unpublished). See also Don King Productions, Inc. v. Otero, 2005 WL 2138807, *1 (D.P.R. 2005) (unpublished); J.C. Henry v. Tri-Services, Inc., 33 F.3d 931 (8th Cir. 1994) (vacating a magistrate judge's order denying a motion to vacate the judgment of default in view that the party in default had never made an appearance when the remaining parties agreed to have final judgment determined by a magistrate judge). Therefore, as matters stand procedurally at the present time, the undersigned has authority to issue rulings on non-dispositive motions and recommendations on dispositive motions, but lacks jurisdiction to preside over trial and entry of judgment.

[2] Daniel Colón has answered the complaint that was originally filed in case 09-1835 (FAB) (Docket No. 32).

As to the second motion for entry of default (Docket No. 100), the same should be deemed MOOT as to defendants Pedro Toledo, José Capó, Héctor Tirado, Gabriel Redondo, Daniel Colón, and José Figueroa once a ruling on the first motion for entry of default (Docket No. 85) is made. As to defendants José Fuentes Agostini, Aníbal Solivan Solivan (named in the complaint as Aníbal Sullivan), Francisco Báez Quiñones and Jesús Figueroa de Jesús, it is recommended that the disposition of this second motion (Docket No. 100) be the same as to that of the first motion (Docket No. 85) for entry of default against defendants Pedro Toledo, José Capó, Héctor Tirado, Gabriel Redondo, and José Figueroa in light of the fact that they joined the same answer to the complaint that was originally filed in case 10-1097 (SEC). (See Docket No. 101). With respect to defendant Zoé Díaz Colón, it is recommended that the motion be DENIED WITHOUT PREJUDICE in view that service by publication is still in progress. (See Docket Nos. 86, 94, 102). As to defendant Ulpiano Crespo, it is recommended that the dismissal already made as to the case originally filed under number 10-1097 (SEC) (Docket No. 86) be reaffirmed and consequently, that the second motion for entry of default as to him be deemed MOOT. Finally, regarding defendant FNU Candelaria, it is recommended that the motion be DENIED in view that plaintiffs have not submitted any evidence of service of summons in case 10-1097 (SEC). (Docket No. 69). Moreover, it is recommended that all causes of action against FNU Candelaria be DISMISSED for lack of service of summons in a timely manner. (See Docket No. 68).

It is also recommended that all generically named defendants in both cases, 09-1835 (FAB) and 10-1097 (SEC), be DISMISSED, or in the alternative, that a deadline be set for the plaintiffs to identify any generically named defendants in the complaints.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Fed. R. Civ. P. 72(b); <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-51 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4, 6-7 (1st Cir. 1986).

In San Juan, Puerto Rico, this 17th day of February, 2011.

s/ Marcos E. López<br>U.S. MAGISTRATE JUDGE